UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SEWAR ROUFAIL, | Case No. 1: 13 CV 1849 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| vs. | |
| | MEMORANDUM OPINION |
| SNS CLEVELAND LLC, *et al.*, | AND ORDER |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. (ECF #9). For the reasons that follow, Defendants' Motion to Dismiss denied.

**FACTUAL BACKGROUND**

Plaintiff Sewar Roufail filed this action on August 22, 2013 against Defendants SNS Cleveland d/b/a The Canopy Mediterranean Grill ("SNS"), Dr. Nizar Zein and Dr. Ahmad Ascha alleging violation of the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Wage Act ("OMWA"), Ohio Rev. Code § 4111.01, *et seq.*, breach of oral contract and unjust enrichment. Plaintiff bases these causes of action on the following facts as set forth in paragraphs 7-16 of the Complaint:

    7. Defendants hired Roufail to work at the Canopy on August 22, 2011, and Roufail continued to perform work for Defendants until January 14, 2013.

    8. Throughout his employment with Defendants, Roufail usually

worked every day, for at least 10 hours per day.

9. Roufail did not perform administrative or executive functions, but rather was involved in purchasing food and liquor, and assisting the servers, bartenders, and cooks in the performance of their job duties.

10. Roufail was "non-exempt" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Ohio Minimum Wage Act ("OMWA"), Ohio Rev. Code. § 4111.01, *ei seq.*

11. Although Roufail was non-exempt and worked in excess of 40 hours per week, Defendants did not pay Roufail for all hours worked, and did not pay him any overtime compensation.

12. Roufail did not receive his first paycheck until February 7, 2012 - more than five months after his employment began.

13. The $1,000.00 paycheck Roufail finally received on February 7, 2012 was inadequate, as it did not compensate him for all hours worked, and did not include any overtime compensation.

14. Defendants continued to pay Roufail sub-par wages for the duration of his employment.

15. During the course of Roufail's employment, Defendants made a number of unfulfilled promises to Roufail. Namely, Defendants promised Roufail that he would receive a bonus at the end of 2011, and a raise in mid-2012.

16. Roufail never received the bonus and raise that Defendants had promised him.

Defendants now move to dismiss all counts of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has opposed the motion and Defendants have filed a reply brief in support. The motion is now ready for decision.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitations of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1940 (2009). *See also Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) (court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.)

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 550 U.S. at 570. On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the

3

complaint may also be taken into account. *See Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)*; Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## DISCUSSION

Defendants move to dismiss Plaintiff's claims for violation of the Fair Labor Standards Act and the Ohio Minimum Wage Act on the grounds that Plaintiff failed to allege facts to show that the individual defendants were his employers within the meaning of those statutes and because Plaintiff failed to allege sufficient facts to state a viable claim for violation of either statute. Under the FLSA, an "'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). The OMWA defines an employer as "any individual, partnership, association, corporation, business trust, or any person or group of persons, acting in the interest of an employer in relation to an employee." Ohio Rev. Code § 4113.03(D)(2).[1] Defendants note that for an individual to be an "employer" under the FLSA, the individual must have a significant ownership interest in the corporation, control significant day-to-day functions of the business, determine salaries and make personnel decisions such as hiring and firing. *Citing Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 9656 (6th Cir. 1991); *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994).

While the factual allegations in Plaintiff's Complaint are admittedly sparse, they are sufficient to set forth a claim for relief under both the FLSA and the OMWA. The Complaint

---

[1] The FLSA and OMWA may be considered together under federal law because the Ohio statute expressly incorporates the standards and principles found in the FLSA. *Thomas v. Speedway SuperAmerica, LLC,* 506 F.3d 496, 501 (6th Cir. 2007 (citing Ohio Rev. Code § 4111.03(A))

4

states that the individual defendants are the sole owners of the Canopy, that all of the defendants hired Plaintiff to work at Canopy, that all Defendants are "employers" under the statutes, that Plaintiff usually worked every day for at least 10 hours purchasing food and liquor and assisting the servers, bartenders and cooks, was "non-exempt" under the FSLA and OMWA, worked in excess of 40 hours per week throughout the entire course of his employment and was paid less than minimum wage and was not paid overtime compensation for hours worked in excess of 40 hours per week.  Taking the allegations of the Complaint as true, the Complaint asserts viable claims under the FSLA and OMWA.  In addition, while Canopy is an LLC, the Complaint does allege that all of the defendants are employers within the meaning of the statutes and does not seek to hold the individual defendants liable simply because they are members of an LLC.  The role of the individual defendants in the Canopy Grill, vis a vis whether they are in fact employers within the meaning of the statutes may be better addressed at the summary judgment stage and if they are employers within the meaning of the statutes, whether their status as members of the Canopy LLC offers any protection against individual liability for their actions.  Accordingly, Counts One and Two will not be dismissed at this time.

Defendants also argue that the Plaintiff fails to allege specific facts to support his claims of breach of contract and unjust enrichment. Again, Plaintiff's factual allegations are sparse as to both claims however, upon review of the Complaint and the parties' filings, the Court finds that the Complaint contains enough factual allegations to assert plausible claims of breach of oral contract and unjust enrichment.  As such those claims will not be dismissed at this time.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss (ECF #9) is DENIED.

IT IS SO ORDERED.

                                           */s/Donald C. Nugent*
                                           Donald C. Nugent
                                           UNITED STATES DISTRICT COURT

DATED: January 31, 2014